IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHANNA PRESTON, )
)
Plaintiff, )
)
v. ) Case No. CIV-08-262-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff Shanna Preston (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 24, 1969 and was 38 years old at the time of the ALJ's decision. She completed her education through the tenth grade. Claimant has engaged in past relevant work as a dish washer, short order cook, cashier, housekeeper, janitor, nurse's aide or companion, store clerk, motel clerk, fast

food worker, laundry aide, packer, child care worker, flower deliverer, sandwich maker, and taxi driver. Claimant alleges an inability to work beginning November 5, 2005 due to a possible stroke, headaches, right leg problems, and learning difficulties.

**Procedural History**

On December 2, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications for benefits were denied initially and upon reconsideration. On July 20m 2007, Claimant appeared at a hearing before ALJ Edward L. Thompson in Ardmore, Oklahoma. By decision dated September 28, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On May 23, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform her past work as a dish washer,

housekeeper, janitor, laundry aide, packer, vending machine attendant, and sandwich maker. The ALJ determined Claimant could retained the RFC to perform a full range of work at all exertional levels with some limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to give controlling weight to the opinions of Claimant's treating physician; (2) finding Claimant does not meet a listing; (3) failing to engage in a proper credibility determination; and (4) determining a RFC for Claimant which is not supported by substantial evidence.

### Treating Physician's Opinion

Claimant contends the ALJ erroneously failed to give the opinion of his treating psychiatrist, Dr. Alycea Merideth controlling weight. On July 3, 2007, Dr. Merideth completed a Mental Residual Functional Capacity Assessment form on Claimant. She concluded Claimant was markedly limited in her ability to sustain an ordinary routine without special supervision; ability to work in coordination with or proximity to others without being distracted by them; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number

5

and length of rest periods; ability to interact appropriately with the general public; ability to ask simple questions or request assistance; ability to accept instructions and respond appropriately to criticism from supervisors; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; ability to respond appropriately to changes in the work setting; ability to travel in unfamiliar places or use public transportation; and ability to set realistic goals or make plans independently of others. She found Claimant was moderately limited in her ability to remember locations and work-like procedures; ability to understand and remember very short and simple instructions; ability to understand and remember detailed instructions; ability to carry out very short and simple instructions; ability to carry out detailed instructions; ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; ability to make simple work-related decisions; ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and ability to be aware of normal hazards and take appropriate precautions. (Tr. 436-37).

Dr. Merideth characterized Claimant's condition as "severe

depression with psychotic symptoms such as hearing voices that are not there. She is extremely anxious and has profound difficulty being around other people." (Tr. 438).

In his decision, the ALJ gave "little weight" to Dr. Merideth's opinion, despite finding it "probative." His reason for doing so was that it "is not substantiated by the clinical findings and is inconsistent with the other evidence of record." (Tr. 25).

This type of wholesale, boilerplate rejection of a treating physician's opinion is unacceptable and becoming all too common. The Tenth Circuit has set out the required findings for reducing the weight attributable to the findings of a treating physician, if warranted by the facts and circumstances of a particular case. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific,

legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

In this case, the ALJ failed to go through the analysis required to arrive at that conclusion a treating physician's opinion is entitled to "little weight." On remand, the ALJ shall re-evaluate Dr. Merideth's opinions and proceed to the required analysis.

**Evaluating Claimant's Impairments for a Listing**

Claimant contends her impairments meet Listings 12.05 and 12.06. The primary foundation in the medical record for this contention is Dr. Merideth's opinion. Since the ALJ must re-evaluate Dr. Merideth's opinion and the weight to which it is entitled on remand, it is premature for this Court to determine whether Claimant's impairments meet a listing based upon that opinion. On remand, the ALJ shall re-examine Claimant's impairments and whether they meet the criteria for the specified listings.

**Credibility Determination**

The ALJ determined many of Claimant's statements were not credible because of her criminal record involving crimes of falsehood and certain obvious contradictions in Claimant's testimony with the record. (Tr. 24). It is well-established that

"findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds no error in the ALJ's analysis of Claimant's credibility. The ALJ should, of course, reassess his findings on credibility should reconsideration of the opinions of Dr. Merideth justify it.

**RFC Assessment**

This Court is not sure what Claimant urges in this section of his brief. Other than citing to Soc. Sec. R. 82-62, Claimant does little to explain any error committed by the ALJ in his RFC assessment. As with the credibility determination, the ALJ should re-evaluate Claimant's RFC after properly considering Dr. Merideth's opinions.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 30th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE